**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: HOWARD M. COHEN,
Appellant,

JOE G. BOST,
Plaintiff,

v.

MARTHA ERWIN FOX,

Defendant-Appellee,

and

JUDITH M. BOST; LEE ALTON
DENNEY, d/b/a Lee Denney Private
Investigators; PATRICK GALVIN;
LINDA STEED; LEE ALTON DENNEY,
Defendants.

No. 94-2652

JOE G. BOST,
Plaintiff-Appellee,

HOWARD M. COHEN,
Respondent-Appellee,

v.

MARTHA ERWIN FOX,

No. 95-1008

Defendant-Appellant,

and

JUDITH M. BOST; LEE ALTON
DENNEY, d/b/a Lee Denney Private
Investigators; PATRICK GALVIN;
LINDA STEED; LEE ALTON DENNEY,
Defendants.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CA-91-279-3-MU)

Argued: November 2, 1995

Decided: September 17, 1997

Before WILKINSON, Chief Judge, and HALL and ERVIN,
Circuit Judges.

_____

Affirmed in part and reversed in part by unpublished opinion. Judge
Ervin wrote the opinion, in which Chief Judge Wilkinson and Judge
Hall joined.

2

**COUNSEL**

**ARGUED:** Thomas Drake Garlitz, CANSLER, LOCKHART & EVANS, P.A., Charlotte, North Carolina, for Appellant. E. Fitzgerald Parnell, III, POYNER & SPRUILL, L.L.P., Charlotte, North Carolina, for Appellee. **ON BRIEF:** Deborah L. Edwards, POYNER & SPRUILL, L.L.P., Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

ERVIN, Circuit Judge:

Appellant Howard M. Cohen (Cohen) appeals from a district court order imposing sanctions against him under 28 U.S.C.§ 1927 in an action he filed on behalf of his client Joe G. Bost (Joe) under 18 U.S.C. §§ 2510-2521 and North Carolina law. Cross-Appellant Martha E. Fox (Fox) appeals from the district court's order denying Rule 11 sanctions against Cohen. We affirm in part and reverse in part for the reasons hereinafter set forth.

I.

In June 1989, Joe and his wife Judith Bost (Judith) separated. Judith hired attorney Fox to represent her in a divorce action. Because Judith suspected her husband of having an affair, she hired a private investigator to surveil Joe.

Apparently, the investigator Lee Alton Denney (Denney) located Joe and his girlfriend in an Atlantic Beach, North Carolina, condominium. Denney placed a wireless microphone near the condominium door but never intercepted any conversation with the device. Joe became aware of the bugging device and also believed that his tele-

3

phone had been tapped and that documents had been taken from his car.

On December 18, 1989, Fox filed a complaint in the District Court of Catawba County on behalf of Judith seeking divorce, alimony, and child support. Before trial, the court heard a motion in limine regarding evidence obtained by Denney. The court ruled that placing the bug was a "clear violation of 18 U.S.C. § 2511" and excluded from evidence any information obtained from Denney's investigation. See J.A. at 20-22, 26.

After Joe learned about Denney's investigation, he contacted an attorney, Jan Warner, who had expertise on illegal wiretapping in divorce cases. Warner contacted prospective defendant Fox to discuss the possibility of settlement. When it appeared that settlement was unlikely, Warner advised Joe to obtain North Carolina counsel and file suit.

On May 15, 1991, Joe retained the firm of appellant Cohen. Cohen determined that the statute of limitations on any claim under the Omnibus Crime Control Act would run on August 30, 1991. Cohen contends that he immediately began to investigate the facts and law, but that because of the surreptitious nature of the alleged acts and their potential criminal implications, it was virtually impossible to fully discover all the facts before filing a complaint.

Cohen filed a lawsuit on behalf of Joe under the Wiretap Act on August 29, 1991, naming Judith, investigator Denney, and Fox as defendants. The complaint alleged that Fox was liable for the acts of the investigator because he was her agent, she had aided and abetted his action, and he was acting in concert with Fox and Judith. Cohen argues that he relied on the following facts in making the claim against Fox: 1) Fox communicated with Denney before Denney's Atlantic Beach activities; 2) Fox received a written report, surveillance videotapes, and Joe's car key from Denney shortly after the surveillance; 3) Fox used information gathered by Denney in preparing the divorce complaint and to influence settlement; 4) Joe's attorney in the domestic proceeding warned Fox not to use Denney's report because he believed it to be illegally obtained; and 5) the domestic

4

court judge excluded the Denney reports and testimony from evidence.

In October 1991, before any discovery had been initiated, Fox, as counsel for Judith, notified Cohen that she intended to file a motion for summary judgment seeking Rule 11 sanctions against him. Cohen was provided affidavits from the defendants stating that Fox did not hire or direct investigator Denney. Cohen contends that the affidavits did not address several pertinent issues and raised questions about Fox's role in the investigation. Cohen was given five days in which to voluntarily dismiss his action, after which time the summary judgment/Rule 11 motion would be filed.

Cohen refused to dismiss the action and, on March 9, 1992, the defendants filed a joint motion for summary judgment. On March 25, 1992, Cohen deposed Fox and Judith. The depositions confirmed that Fox was not involved in hiring or controlling Denney. After the depositions, Cohen offered to dismiss the action against Fox if she would dismiss her Rule 11 claims. Fox rejected the offer.

Cohen then recommended to Joe that the claim against Fox be dismissed even though Fox did not agree to waive the Rule 11 claims. Joe would not agree to dismiss his claim. Cohen then suggested that Joe retain new counsel, and Joe, in turn, stated that he was already seeking to replace Cohen. Joe's replacement counsel entered an appearance on April 14, 1992.

In June 1992, Joe dismissed all claims against Fox, and on August 24, 1992, the district court granted summary judgment in favor of the remaining defendants on the federal claims. The district court declined to exercise its supplemental jurisdiction over the state law claims.

On September 10, 1992, Fox filed a Rule 11 motion for sanctions against Cohen and Joe. On November 14, 1992, the district court found no violation of Rule 11, but on its own motion held that Cohen had violated 28 U.S.C. § 1927 by continuing to prosecute the claims against Fox after she had filed a motion for summary judgment. The court fixed the amount of sanctions at $6,320.51, the total fees and

5

expenses incurred from the time the summary judgment motion was filed until the Rule 11 motion. See J.A. at 222.

Cohen appealed the district court's order imposing sanctions under § 1927 and Fox cross-appealed from the denial of her Rule 11 motion.

II.

Cohen argues that the district court violated the Due Process Clause when, after dismissing the motion for Rule 11 sanctions against Cohen, it sanctioned Cohen under § 1927,[1] on its own motion and without notice. Attorney Fox had filed a motion for sanctions under Rule 11, contending that Cohen and his client Joe continued to prosecute meritless claims against her. The district court ruled that neither Joe nor Cohen had violated Rule 11, but on its own motion held that Cohen had violated § 1927 by deposing the defendants after Fox had filed a motion for summary judgment.

An attorney facing sanctions is entitled to notice and some opportunity to respond to the charges. See Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980). No fast rule dictates the content of due process in all cases; the constitutional minimum varies within differing contexts. Determining what constitutes due process involves a balancing of various factors, including fairness to sanctioned attorneys, the risk of error and the likely value of additional notice or hearing, and judicial and administrative efficiency. See Donaldson v. Clark, 819 F.2d 1551, 1558 (11th Cir. 1987) (en banc).

In considering a nearly identical claim, the Third Circuit held that imposing sanctions under § 1927 without prior notice violated due process. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350 (3d Cir. 1990). According to the Third Circuit, minimum due process is not

_____

[1] 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

satisfied by the mere existence of § 1927; particularized notice is required. See id. at 1357. The court reasoned that because the appellant was unaware that § 1927 was being relied upon, he had no notice of the particular factors he must address in order to avoid sanctions. See id.

While this court has not addressed the same issue, it has indicated that it might adopt a different view. Green v. Foley, an unpublished Rule 11 decision of this court relied upon by Fox, held that the existence of the rule in itself gives some notice to attorneys. 907 F.2d 1137, 1990 WL 86210 at *4 (4th Cir. June 6, 1990), cert. denied, 498 U.S. 900 (1990). The court pointed out that a separate evidentiary hearing is not usually required before imposing Rule 11 sanctions, particularly where the relevant evidence has already been included in the record. In In Re Kunstler, 914 F.2d 505, 521 (4th Cir. 1990), cert. denied sub nom. Kunstler v. Britt, 499 U.S. 969 (1991), we noted that "satellite litigation over sanctions should be limited to the extent possible . . . to the record."

In addition to notice provided by the mere existence of § 1927, Fox argues that, as the district court reasoned, Cohen received adequate notice because Fox's Rule 11 motion was "briefed and heard by the court on the theory that Cohen pursued the lawsuit against Fox long after it should have been dismissed." Cohen had the opportunity to justify the conduct that Fox identified as sanctionable and chose not to do so.

While the district court was certainly justified in considering some possible sanctions against Cohen, we are persuaded by the Third Circuit's view that due process requires notice designed to inform the respondent of what matters he must address to avoid sanctions. In defending against Rule 11 sanctions, Cohen was free to choose whether to justify his continued prosecution of the case or to argue that such conduct was not sanctionable under Rule 11. That Rule 11 did not apply was a clear-cut argument; it was unnecessary for Cohen to attempt to justify his post-summary judgment motion conduct. If he had been forewarned that sanctions were also to be considered under § 1927, Cohen would have known that he had to address the vexatious prosecution issue in order to avoid sanctions.

7

Factoring in cost and efficiency issues, it does not seem particularly burdensome, costly, or time-consuming to have provided Cohen an opportunity to respond to the § 1927 issues.

Fox argues that providing notice would not have significantly improved the accuracy of the district court's decision because Cohen had no basis to justify his conduct. Fox argues further that because the district court was completely familiar with the case and had before it all the relevant facts, Cohen could add nothing to aid the decision-making process. We might agree that, in making its determinations based on highly objective standards, the district court had all the relevant facts before it and additional process would contribute nothing to accuracy or fairness. But the importance of the professional and financial interest at stake and principles of due process mandate great caution before assuming that the court knows all it needs to know and the respondent has nothing to add.

The inquiry into whether an attorney has multiplied the proceedings "unreasonably and vexatiously" is an inherently subjective one in which an attorney's testimony about what information was available at the time, available alternatives, client pressures, and the existence of good or bad faith may be relevant. The assertion that, even if Cohen had had notice, he could not possibly have justified his conduct and avoided sanctions under § 1927 is belied by Cohen's brief to us which convincingly argues that he acted neither unreasonably nor vexatiously in deposing the defendants. Although his arguments may not have won in the district court, they would have been relevant and helpful.

Under other circumstances, we would vacate the district court's award of sanctions under § 1927 and remand the issue to the district court for further proceedings after proper notice and a reasonable opportunity to be heard was accorded to Cohen. However, we hold on these facts that Cohen's conduct did not constitute a violation of § 1927 as a matter of law.

The district court imposed sanctions under § 1927 because it found that Cohen "continued a meritless lawsuit far beyond the time when it should have been dismissed." J.A. at 221. The court found that Cohen recklessly maintained a claim he knew to be factually

8

unsupported--conduct tantamount to bad faith. In pursuing the merit-less claim against Fox, Cohen caused Fox unnecessary costs, expenses and attorney's fees.

As an attorney, Cohen had an obligation to zealously represent his client which required him to attempt to verify the accuracy of the defendants' affidavits, rather than accept them at face value. The depositions constituted reasonable and limited investigation into the nature of Fox's involvement with investigator Denney. After the depositions confirmed information in the affidavits, Cohen offered to settle the claim, then advised his client to dismiss the claims against Fox, then withdrew from the case. Current case law does not establish clear standards and direction for attorneys caught between the requirement not to prosecute a meritless claim and the duty to zeal-ously represent a client.

Without a doubt, Cohen's ill-considered conduct caused additional and unnecessary costs. Overall, though, this is one of those cases where the line dividing a yet uninvestigated case from a meritless case is easier to make in hindsight then it was for the attorney at the time. While, clearly, Cohen did not draw the line in the right place, he persuades us he did not act with the purpose of increasing costs for the defendants.

We hold as a matter of law that Cohen did not engage in sanction-able conduct under § 1927 and that the district court's award of § 1927 sanctions must be reversed. The district court abused its discretion by awarding § 1927 sanctions in this case.**2**

III.

Cross-Appellant Fox argues that the district court abused its discretion in denying her motion for sanctions under Rule 11. Rule 11, designed to deter baseless lawsuits, requires that

_____

**2** Since we reverse the award of§ 1927 sanctions as a matter of law, we need not consider whether the district court erred in fixing the amount of the sanctions under § 1927 in this case, since sanctions imposed in any amount were unjustified.

to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, [a court document]

(1) is not being presented for any improper purposes . . . ;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

Fed. R. Civ. P. 11(b).

In considering Rule 11 sanctions, a court should first focus on the objective inquiry into "whether a reasonable attorney in like circumstances would believe his actions to be legally and factually justified." NCNB Nat'l Bank v. Tiller, 814 F.2d 931, 941 (4th Cir. 1987), overruled on other grounds by Busby v. Crown Supply, Inc., 896 F.2d 833 (4th Cir. 1990). We use a three pronged inquiry to analyze Rule 11 issues: 1) whether the complaint was well grounded in fact; 2) whether the complaint was well grounded in law; and 3) whether the complaint was filed for an improper purpose. See Kunstler, 914 F.2d at 513.

The district court found that Cohen engaged in a reasonable inquiry into the facts and the law before he filed the action. The court found that, given the limited time available for investigation before the statute of limitations ran, Cohen's investigation was adequate and that sufficient circumstantial evidence existed to state a cause of action against Fox. The court also found that Cohen undertook a reasonable investigation of the law, including legal research and expert consultation. Cohen's analysis, while incorrect in the court's view, was nevertheless well grounded in the law or in a good faith argument for the extension, modification, or reversal of existing law. Finally, the district court found insufficient evidence of any improper purpose.

10

We believe that the district court applied the correct legal analysis and that its decision was supported by the record. We do not believe that the district court abused its discretion in rejecting the Rule 11 sanctions and we affirm its decision on that aspect of the case.

IV.

We hold as a matter of law that Cohen was not guilty of conduct sanctionable under § 1927 and that the district court's award of § 1927 sanctions was an abuse of discretion and must be reversed. We affirm the district court's decision rejecting Fox's motion for Rule 11 sanctions.

<u>AFFIRMED IN PART; REVERSED IN PART</u>

11